UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOHN FUDGE, | Case No. 3:22-cv-00841-AR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NATURE HILLS NURSERY, INC, | |
| Defendant. | |

**ARMISTEAD, Magistrate Judge**

Plaintiff John Fudge filed this action in Multnomah County Circuit Court against his former employer, defendant Nature Hills Nursery, Inc., asserting claims for disability discrimination and failure to accommodate a physical impairment under ORS § 659A.112. Notice of Removal, ECF No. 1-1 (Compl.). Nature Hills removed the action to this court based on diversity jurisdiction, and it also brings a counterclaim. Notice of Removal ¶¶ 1, 12; First Answer, Affirmative Def. and Counterclaim (FAAC) ¶ 74, ECF No. 4. Nature Hills now moves under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the District of

Page 1 – OPINION AND ORDER

Nebraska. Mot. to Transfer Venue, ECF No. 7. The court denies the motion for the reasons discussed below.[1]

## BACKGROUND

Fudge resides in Oregon. Compl. ¶ 1. Nature Hills is a Nebraska corporation that does business in Oregon. *Id.* ¶ 2. Nature Hills hired Fudge to work full-time as the Chief Merchandising Officer (CMO). *Id.* ¶¶ 3-5. Fudge alleges, in essence, that after he informed Nature Hills that he had been diagnosed with cancer and had undergone surgery, Nature Hills terminated his employment. Fudge claims that the termination and Nature Hills' conduct was retaliatory and discriminatory. Nature Hills defends that the termination decision was based on unsatisfactory work performance by Fudge and counterclaims that by failing to use reasonable care to fulfill his work duties and by withholding information, Fudge breached his fiduciary duty to Nature Hills. FAAC ¶¶ 58-74.

## LEGAL STANDARD

Even if venue is proper in the plaintiff's selected forum, the court may—for "the convenience of parties and witnesses [and] in the interest of justice"—transfer a civil action "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Courts employ a two-step analysis when determining whether transfer is appropriate. First, the court asks "whether the transferee district was one in which the action might have been brought by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). Second, if the moving party makes this threshold showing, the court conducts an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29

---

[1] The parties request oral argument; oral argument would not help resolve this motion.

(1988). At this stage, to assess whether transfer is "in the interest of justice," the court considers several factors, including which state is most familiar with the governing law, the plaintiff's choice of forum, the parties' contacts with the forum, the contacts relating to the plaintiff's cause of action in the chosen forum, the difference in the cost of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, the ease of access to sources of proof, and the relevant public policy of the forum state. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

## DISCUSSION

As a preliminary matter, the parties agree that this action properly could have been brought in the District of Nebraska, which has personal jurisdiction over Nature Hills and subject matter jurisdiction under 28 U.S.C. § 1332. Accordingly, the decision whether to grant Nature Hill's motion to transfer is based on this court's considerations of convenience and fairness.

The court turns, first, to consider the forums' relative convenience to the parties. Under this factor, a "plaintiff's choice of forum is generally accorded great weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). A defendant must make a "strong showing of inconvenience" to upset that choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (explaining that, absent a valid forum selection clause, a court should give the plaintiff's choice of forum great deference unless the defendant can show that other factors of convenience clearly outweigh the plaintiff's choice).

Attempting to upset Fudge's choice of forum, Nature Hills contends that the court has discretion to give that choice as little weight as it deems appropriate. The court disagrees. Fudge filed this action in Oregon state court, defendants removed it to the District of Oregon, and Fudge opposes transfer of venue; the court accords great weight to his choice to remain in

Page 3 – OPINION AND ORDER

Oregon, as instructed by the Ninth Circuit. *Lou*, 834 F.2d at 739. Although the District of Nebraska may be a more convenient forum for Nature Hills because most of its proposed witnesses and evidence are located there, those benefits are offset by the inconveniences that Fudge would likely experience as an Oregon resident who recently lost income and requires considerable medical treatment.

Next, the court assesses the relative convenience of each forum for the witnesses. "Convenience of the witnesses is often the most important factor in determining whether or not to transfer a given case." *Partney Const., Inc.*, Case No. 08-574-SU, 2008 WL 4838849, at *3 (D. Or. Nov. 3, 2008). "The court considers not only the number of witnessed located in the respective districts, but also the nature and quality of their testimony, as it relates to the issues in the case." *CollegeNet, Inc. v. Common App., Inc.*, 355 F. Supp. 3d 926, 962 (D. Or. 2018).

Nature Hills argues that this factor strongly favors transfer to the District of Nebraska. In support, it submits a list of fifteen proposed witnesses, thirteen of whom are based in or near the city of Omaha. Most proposed witnesses are current or former Nature Hills employees who allegedly have "personal knowledge of the conduct giving rise to [Fudge's] termination," including information related to Fudge's work performance and the decision to terminate him. Mot. to Dismiss at 6-7 (listing witnesses' names, general proposed testimony, and city of residence).

In Fudge's view, measures can be taken to mitigate the inconvenience of those Nebraska-based witnesses. Resp. to Mot. to Transfer at 7, ECF No. 16. The court agrees. For instance, during discovery, the parties' attorneys can save costs by flying to Nebraska to conduct depositions, scheduling multiple witnesses' depositions in a single trip, or by conducting those depositions by videoconference, a technology with which the attorneys should be well familiar

after more than two years of the Covid pandemic. Further, if this case proceeds to trial, the court is able to accommodate virtual testimony. See Mil-ray v. EVP Int'l, LLC, Case No. 3:19-cv-00944-YY, 2021 WL 2903224, at *12 (D. Or. July 8, 2021) ("If any witnesses are unable to travel, their testimony could be perpetuated or they could testify remotely. The court has the capability to accommodate such remote testimony.").

The court turns, finally, to consider other factors "in the interest of justice." The relative familiarity with the governing law factor strongly favors retaining venue in the District of Oregon. Fudge brings this action under ORS § 659A.112, an Oregon employment statute familiar to this court. The court also can decide Nature Hills' counterclaim for breach of fiduciary duty, so Nature Hills' arguments on that claim are neutral. The parties' relative contacts with Oregon also disfavor transfer. Fudge is an Oregon resident who worked remotely from Oregon during his tenure at Nature Hills, and although Nature Hills is based in Nebraska, it conducts business in Oregon and permitted its employee to work here. Furthermore, although Nature Hills' corporate documents are in its Omaha offices, that location will not materially affect the court's or the parties' ability to access that evidence. Thus, Oregon is an appropriate forum to resolve this employment dispute.

The remaining factors are generally neutral. For instance, the court is not persuaded by Nature Hills' argument that retaining venue in Oregon will inhibit its ability to compel the attendance of Nature Hills' former COO, Trent Minneman. Although Nature Hills characterizes Minneman as a likely unwilling non-party witness, Minneman has submitted a declaration stating that he is a cooperative witness and will make himself available to testify in Oregon, thus mitigating this concern. Decl. of Trent Minneman ¶ 4, ECF No. 18. The parties offer no

persuasive arguments about how the cost of litigation and considerations of judicial efficiency are meaningfully altered in either forum.

## CONCLUSION

Nature Hill has not met its burden of making the "strong showing" of inconvenience necessary to upset Fudge's choice of venue. Nor do the other factors relevant to the interests of justice favor transfer of venue. Consequently, Nature Hills' motion to transfer venue to the District of Nebraska (ECF No. 7) is DENIED.

IT IS SO ORDERED.

August 12, 2022

_____
JEFFREY ARMISTEAD
United States Magistrate Judge